**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                    SAN FRANCISCO DIVISION

10

11   RJ DUBLIN LLC,                                    No. C 12-4205 RS

12                  Plaintiff,             **ORDER VACATING CASE**
                                           **MANAGEMENT CONFERENCE AND**
         v.                                **REQUIRING DEFENDANT TO SHOW**
13                                         **CAUSE WHY ACTION SHOULD NOT**
                                           **BE REMANDED**
14   GEORGE A. SAFFAS,

15                  Defendant.
                                                    /
16

17          This action was initiated as an unlawful detainer in Alameda Superior Court.  Plaintiff seeks

18   possession of real property it purchased at a foreclosure sale.  Appearing *in pro se*, defendant

19   George A. Saffas removed the matter to this Court, asserting that "removal is proper based on

20   federal question."   Notwithstanding the delay a removal can cause, and the manifest lack of a

21   tenable basis for the removal, plaintiff inexplicably has failed to move for remand.   Nevertheless,

22   even where the propriety of removal is not contested, "federal courts are under an independent

23   obligation to examine their own jurisdiction." *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342

24   (9th Cir. 1996) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 229 (1990)).

25          Although the notice of removal is not entirely clear, it appears Saffas contends the

26   underlying loan transaction and/or subsequent foreclosure violated one or more provisions of federal

27   law.  Such matters, however, would at most be potential defenses to plaintiff's claim.  The existence

28   of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Holmes Group,*

*Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002).[1] Under that rule, a federal question must be presented by what is or should have been alleged *in the complaint. Id.* The fact that a federal question may be implicated by matters raised in an answer or counterclaim is insufficient. *Id.* at 831. Here, plaintiff's unlawful detainer complaint is premised solely on state law and no basis for federal jurisdiction appears.

Accordingly, the Case Management Conference set for February 7, 2013 is vacated. No later than February 21, 2013, defendant shall file a brief, not exceeding 10 pages, setting out any arguments he may have as to why this action should not be remanded to Alameda Superior Court for lack of jurisdiction. In the event defendant does not respond, the case will be remanded without further notice.

IT IS SO ORDERED.

Dated: 2/6/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] The rule applies equally to evaluating the existence of federal questions in cases brought initially in this court and in removed cases. *Id.* at n. 2

2

**United States District Court**
For the Northern District of California

1

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

2    George A. Saffas
     22568 Mission Boulevard, #429
3    Hayward, CA 94541

4

5    Edward Alexander Nagy
     Attorney at Law
6    510 3rd Street, Suite 101
     Oakland, CA 94607
7

8
     DATED:  2/6/13
9

10                                              /s/ Chambers Staff
                                                Chambers of Judge Richard Seeborg
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28